# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY G. HARRIS, #N-57672,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-596-MJR |
| | ) |
| **WARDEN RYKER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

1

*v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that this complaint may be dismissed at this point in the litigation.

**Facts:**

While Plaintiff was held in the Mt. Sterling Correctional Center in the Central District of Illinois, he filed a civil rights lawsuit concerning the soy diet which the prison was serving inmates. Plaintiff also assisted 11 other inmates in the filing of similar suits against the prison. Some time thereafter Plaintiff was given 90 days of segregation, and ultimately on June 10th 2009 was transferred to Pinckneyville Correctional Center in the Southern District of Illinois in retaliation for filing suit against Mt. Sterling, and for assisting other inmates to do the same.

Once transferred to Pinckneyville, the retaliation continued in the form of false disciplinary tickets, segregation, and theft of personal property. On December 8th 2009 Plaintiff was again transferred, this time to Lawrence Correctional Center also located in the Southern District of Illinois. While at Lawrence, where Plaintiff is now held, similar incidents of retaliatory conduct have taken place.

**Discussion:**

Plaintiff alleges that individuals from three separate prisons in the Illinois Department of Corrections have retaliated against him for exercising his right to complain about the conditions of his confinement. Plaintiff also names 20 different Defendants from all three prisons in his complaint. However, Plaintiff does not specify which Defendants committed which acts of retaliation.

The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required

to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not specifically linked the named Defendants to the actions in the complaint, these Defendants are not adequately put on notice of the charges against them. As a result, Defendants Ryker, Hodge, Campanella, Gaetz, Walls, Ashby, Pool, Ashcraft, Jennings, Wadkins, Klindworth, McBride, Bradley, Runyun, Allen, Bowerman, Williams, Wilson, Swartz, and Hughes are dismissed without prejudice.

**Pending Motions:**

**A. TRO and Preliminary Injunction**

Plaintiff has filed a motion for a temporary restraining order (TRO) and a preliminary injunction (Doc. 1). A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b).

Plaintiff also seeks a preliminary injunction. In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

The Court is of the opinion that neither a TRO nor a preliminary injunction should be issued in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. Prison regulations provide for voluntary placement of an inmate in protective custody should the need arise. ILL. ADMIN. CODE tit. 20, §501.310 (1987). This should provide an adequate remedy.

**B. Supplement**

Plaintiff has also filed a supplement to his case (Doc. 4). However, this Court does not accept piecemeal amendments to complaints. Instead, plaintiffs who wish to add relevant claims or defendants may do so by filing an amended complaint. Plaintiff is instructed that to proceed on his claims he must file an amended complaint. The amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir.

2004). In this amended complaint, Plaintiff is instructed to clearly list each Defendant and state what he is accusing each Defendant of doing that allegedly violated his constitutional rights. Plaintiff should only include in his amended complaint filed with this Court those actions that occurred in the Southern District of Illinois.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **RYKER, HODGES, CAMPANELLA, GAETZ, WALLS, ASHBY, POOL, ASHCRAFT, JENNINGS, WADKINS, KLINDWORTH, MCBRIDE, BRADLEY, RUNYUN, ALLEN, BOWERMAN, WILLIAMS, WILSON, SWARTZ,** and **HUGHES** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that he may file an amended complaint with this Court within **30 days** of the date of this order. Plaintiff is instructed to include in this complaint only those actions that arose out of the Southern District of Illinois, and to specifically accuse Defendants of the listed actions. Plaintiff is further **ADVISED** that this Court will not entertain complaints against Defendants not located within this District, namely Defendants located at the Mt. Sterling Correctional Center. If Plaintiff wishes to proceed with claims against those Defendants, a separate suit is best brought in the Central District of Illinois, naming only those Defendants within that district, and specifically accusing Defendants of the listed actions.

**IT IS SO ORDERED.**

**DATED February 8, 2011**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**