# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY G. HARRIS, #N-57672,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-0596-MJR |
| | ) | |
| **WARDEN LEE RYKER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN District Judge:**

Plaintiff, an inmate currently in the Lawrence Correctional Center, was at some times relevant to this action housed in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint are subject to severance.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's second amended complaint (Doc. 15). While being housed in the Western Illinois Correctional Center in the Central District of Illinois, Plaintiff started a soy-diet revolution, encouraging inmates to file suits in order to get a soy-free diet after he had won such a case himself. Some time after, Plaintiff was transferred to Pinckneyville Correctional Center. Upon arrival, Plaintiff made Defendant Swartz aware that he needed a soy-free diet because of health issues he had that were worsened by eating soy. Swartz informed Plaintiff that "we don't do special diets here." Only after Plaintiff's attorney complained did Plaintiff receive his diet. However, anytime Defendant Allen worked, he denied Plaintiff the special diet tray. Plaintiff then filed a grievance on July 31, 2009, complaining about these denials as well as refusal of other guards to do their rounds at the prison, placing Plaintiff in peril.

After Plaintiff filed this grievance, Williams ordered Allen to write Plaintiff a false disciplinary ticket, claiming that Plaintiff had lied about seeing the prison counselor. Both Williams and Allen knew this claim was false, as they had themselves taken Plaintiff to the counselor not long before. Williams also allowed workers to steal Plaintiff's property, and when Plaintiff complained, Williams told Plaintiff that "this is what happens in segregation" and that Plaintiff should "learn to

keep [his] mouth shut."

Plaintiff had a disciplinary hearing on this ticket, which was conducted by Defendants Klindworth and McBride. At the hearing, Klindworth and McBride denied Plaintiff's request to call his own witnesses, called only Allen, and refused to consider Plaintiff's documentation as evidence. Plaintiff was sent to an unspecified time in segregation.

On September 8, 2009, Plaintiff was released from segregation and was placed in housing unit 4. Once there, Defendant Bowerman performed a cell shakedown, confiscating Plaintiff's radio, even though he had permission to have a radio in his cell. The cell was tossed a second time that day, and again five days later, when more items were confiscated. These three shakedowns were performed at the insistence of Bowerman.

On October 20, 2009, Defendant Wadkins wrote Plaintiff a false disciplinary ticket, alleging that Plaintiff had been involved in trafficking and trading, and alleging that Plaintiff threw away his soy-diet tray because it contained a piece of soy-based cheese. Plaintiff had another hearing in front of Klindworth and McBride at which these Defendants once again denied Plaintiff a fair and impartial hearing.[1] Plaintiff was found guilty and his commissary privileges were revoked for 30 days.

On November 23, 2009, Plaintiff received a new cellmate. This individual was a schizophrenic, mentally-ill inmate who had a history of assaulting his cellmates. Plaintiff complained to Defendants Runyun and Wadkins, who refused to move the cellmate. Plaintiff then complained to Defendant Bradley, who said he would move the cellmate, but did not follow through with this promise. On December 5, 2009, Plaintiff was assaulted by the cellmate.

Plaintiff was transferred to Lawrence Correctional Center on December 8, 2009, by

---

[1] Plaintiff does not elaborate as to what did or did not happen that made the hearing unfair or biased.

3

Defendant Swartz. This prison is considered a "punishment prison," and is run in that manner by Defendants Ryker, Hodges, Campennella, and Gaetz. Since arrival, Plaintiff has been discriminated against by prison officials and assaulted by his cellmate with no recourse. One specific incident occurred on December 30, 2009, when Defendant Hughes wrote Plaintiff yet another false disciplinary ticket. Thereafter, Plaintiff was placed in segregation. His property was confiscated and given to Dennis Dresden, who is not a party to this action.

**Discussion:**

### Count 1: Retaliation

Plaintiff claims that Defendants Swartz and Allen retaliated against Plaintiff for filing his soy-diet claim while house in the Western Illinois Correctional Center. Plaintiff alleges that Defendants Swartz and Allen denied Plaintiff's medically necessary soy-free diet in an attempt to punish Plaintiff for his lawsuit, and to discourage Plaintiff from filing future suits or from encouraging other inmates from filing similar claims.

The Supreme Court has stated that there are no special pleading requirements for prisoner civil rights cases. *See Swierkiewicz v. Sorema*, **534 U.S. 506, 513-14 (2002);** *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, **507 U.S. 163, 168 (1993);** *Kyle v. Morton High School*, **144 F.3d 448, 455 (7th Cir. 1998) (per curiam)**. Where a complaint complies with federal rules, in that it provides a short and plain statement of the facts, it cannot then be dismissed for failure to allege facts in sufficient detail to prove the claim(s). **FED. R. CIV. P. 8;** *see Nance v. Vieregge*, **147 F.3d 589, 590-91(7th Cir. 1998) (complaint need not plead facts to establish that the claim(s) are sufficiently valid)**. At the pleadings stage, a plaintiff merely needs to state enough of the bare facts in the complaint to apprise the defendants of the claims brought

4

against them. ***Beanstalk Group Inc. v. AM General Corp.,* 283 F.3d 856, 863 (7th Cir. 2002); *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999)**.

In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s)." ***Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002)**. As stated above, the inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a retaliation claim the reason for the retaliation and the acts taken in an effort to retaliate suffice. ***Id.***

In the case at bar, Plaintiff alleges that the actions taken against him, the denial of his soy-free diet by Defendant Swartz and Allen, were motivated by his filing of a case in the Central District, and his encouragement of other inmates in Western Illinois Correctional Center to file similar claims. If these acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under §1983 for a retaliation claim**. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper."))**. Plaintiff has adequately identified the reasons for the retaliation: his soy-diet litigation, and the act(s) of retaliation: Defendants Swartz and Allen's refusal to provide Plaintiff with his soy-free diet tray. Plaintiff has adequately alleged a claim for retaliation, and this claim cannot be dismissed at this time.

**Count 2:     Medical Indifference**

Plaintiff also alleges that Defendant Allen's purposeful denial of Plaintiff's prescribed

5

non-soy diet amounted to deliberate indifference to his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. ***Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994);** *see Erickson v. Pardus*, **551 U.S. 89, 94 (2007) (per curiam)**. This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* **429 U.S. at 106. See also *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)**.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, **223 F.3d 605, 619 (7th Cir. 2000)**. However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* **511 U.S. at 842.**

To prevail on a claim for deliberate indifference, Plaintiff must show that the defendant was aware of a risk of harm and purposefully ignored that risk. *See Chavez v. Cady*, **207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering")**. This

6

Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)(**courts will not take sides in disagreements with medical personnel's judgments or techniques**). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff claims that Defendant Allen was aware that Plaintiff required a soy-free diet for medical reasons, and that by denying Plaintiff that diet, Allen purposefully put him at risk of harm. The Seventh Circuit has recognized that the denial of a medically-necessary diet may give rise to a deliberate indifference claim. *See Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994) (**diabetic inmate stated a claim where prison officials were aware of his condition, and refused to provide him a medically-necessary diet**). Plaintiff claims that Allen acted purposefully when he denied Plaintiff his medical diet, and that his purpose was to cause harm to Plaintiff. It is unclear at this time whether this was the actual intent behind Allen's actions, and for this reason, this claim cannot be dismissed at this time.

**Count 3:      Retaliation/Conspiracy**

Plaintiff alleges that all the actions that occurred after he filed his July 31, 2009 grievance were taken against him in an effort to retaliate. These actions include due process violations, transfer to Lawrence Correctional Center, deprivation of property, and failure to protect. Plaintiff claims that Defendants Ryker, Hodge, Campanella, Gaetz, Wadkins, Klindworth, McBride, Bradley, Runyun, Allen, Bowerman, Williams, Swartz, and Hughes all conspired to retaliate against

7

him for filing the grievance. This Count will be discussed below, as it relates to the issue of severance.

**Count 4:** **Due Process**

Plaintiff alleges that his rights to due process were violated when Defendants Klindworth and McBride, on two separate occasions, failed to provide him with a fair and impartial disciplinary hearing. This Count will be discussed below, as it relates to the issue of severance.

**Count 5:** **Transfer**

Plaintiff next alleges that his rights were violated when Defendant Swartz transferred him to Lawrence Correctional Center. Though Lawrence Correctional Center and Pinckneyville Correctional Center (the institution from which Plaintiff was transferred) are both level 2 secure institutions, Plaintiff claims that Lawrence is run as a "punishment prison," and that his transfer thus impinged on his constitutional rights. This Count will be discussed below, as it relates to the issue of severance.

**Count 6:** **Deprivation of Property**

Plaintiff next alleges that he was deprived of his property when Defendants Bowerman and Williams ordered multiple shakedowns on his cells and confiscated his property. He was further deprived of his property when, while housed in Lawrence, he was sent to segregation and his property was given to another individual. This Count will be discussed below, as it relates to the issue of severance.

**Count 7:** **Failure to Protect**

Plaintiff next alleges that his rights were violated when he was given a cellmate with

known aggressive tendencies. Plaintiff made Defendants Runyun, Wadkins, and Bradley aware that his cellmate was a threat to him, but these Defendants refused to move Plaintiff or the cellmate to a different cell. This Count will be discussed below, as it relates to the issue of severance.

**Severance:**

The claims asserted in Counts 3, 4, 5, 6, and 7 do not arise from the same transaction, occurrence, or series of transactions or occurrences as Counts 1 and 2. The Seventh Circuit emphasizes that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims presented in Counts 3, 4, 5, 6, and 7 of the complaint are not sufficiently related to the claims against Defendant Swartz and Allen in Counts 1 and 2 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Counts 3, 4, 5, 6, and 7. If these claims are severed, these claims would be removed from this case and opened in a new case. A new case number would be assigned for this new case, and an additional filing fee would be assessed.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 3, 4, 5, 6, and 7 without prejudice. Such a motion must be filed within 45 days of the date of entry of this order. Before filing that motion, Plaintiff should consider whether he could re-file the dismissed claims without running afoul of the applicable statute of limitations.

**Disposition:**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **SWARTZ**

9

and **ALLEN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that on or before **August 22, 2011**, Plaintiff may file a motion to voluntarily dismiss Counts 3, 4, 5, 6, and Count 7 from this action.

**IT IS FURTHER ORDERED** that if Plaintiff does not voluntarily dismiss these Counts from this action, the Court will sever these claims into a new action. A new case number will be assigned for these Counts, and an additional filing fee will be assessed for the new case.

**IT IS SO ORDERED.**

**DATED: July 7, 2011** /s/ **MICHAEL J. REAGAN**
U.S. DISTRICT JUDGE