IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-0596-MJR-SCW |
| | ) | |
| DANNY ALLEN, and | ) | |
| GREGORY SCHWARTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

### A.  INTRODUCTION

While confined at Lawrence Correctional Center as an inmate of the Illinois Department of Corrections ("IDOC"), Larry Harris filed suit in this Court under 42 U.S.C. § 1983, claiming violations of his federally-secured constitutional rights. On threshold review of Harris' second amended complaint in July 2011, the undersigned dismissed some claims and severed certain Defendants. That left two named Defendants in this suit: Danny Allen and "Warden Swartz" (the latter was subsequently identified as Gregory Schwartz).[1] Now remaining are claims for retaliation and deliberate indifference, specifically: Count 1 – a claim that Allen and Schwartz retaliated against Harris for his prior litigation involving a soy-free diet, and Count 2 – a claim that Allen was deliberately indifferent to Harris' medical needs.

---

[1] The Clerk's Office is DIRECTED to correct the party "Warden Swartz" in cm/ecf and on the docket sheet to read "Gregory Schwartz" (see Doc. 35, p. 1).

Jury trial is set before the undersigned District Judge on June 10, 2013, with a final pretrial conference scheduled before the Honorable Stephen C. Williams, United States Magistrate Judge, on May 2, 2013. In November 2012, Defendants Allen and Schwartz moved for summary judgment. By Report and Recommendation dated February 7, 2013 and submitted via 28 U.S.C. 636, Judge Williams recommends that the undersigned partially grant and partially deny Defendants' summary judgment motion. Plaintiff Harris filed no objection to the Report and Recommendation (R&R). Defendants timely filed a partial objection to the R&R on February 25, 2013. The deadline for responding to that objection elapsed. The matter is ripe for ruling.

Timely objections having been filed, the District Judge undertakes de novo review of the portion of the R&R to which Defendants specifically objected. **28 U.S.C. 636(b)(1); FED. R. CIV. P. 72(b); SOUTHERN DIST. OF ILLINOIS LOCAL RULE 73.1(b).** The undersigned can accept, reject, or modify the recommendations made by Judge Williams, receive further evidence, or recommit the matter to Judge Williams with instructions. *Id.* For the reasons stated below, the Court adopts Judge Williams' R&R. Analysis begins with reference to the applicable legal standards.

B. <u>ANALYSIS</u>

► <u>Standard Governing Summary Judgment</u>

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Donahoe*, **699 F.3d 989, 994 (7th Cir. 2012),** *citing* **FED. R. CIV. P. 56(a).**

2

Rule 56 imposes an initial burden of production on the movant for summary judgment – he must demonstrate that a trial is not needed. *Celotex Corp. v. Catrett,* **477 U.S. 317, 323 (1986).** The movant discharges his burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Marcatante v. City of Chicago,* **657 F.3d 433, 439 (7th Cir. 2011),** *citing Crawford v. Countrywide Home Loans, Inc.,* **647 F.3d 642, 648–49 (7th Cir. 2011), and** *Celotex,* **477 U.S. at 323.**

Once the movant satisfies his initial burden, the nonmovant (to avoid summary judgment) must "come forward with evidence that would reasonably permit the finder of fact to find in [his] favor on a material question." *Modrowski v. Pigatto,* **-- F.3d. --, 2013 WL 1395696, *2 (7th Cir. April 8, 2013).** "This is not an onerous burden." *Id.* In other words, once the movant challenges the factual support and legal soundness of the plaintiff's claim, the nonmovant acquires the burden of demonstrating that a genuine fact issue remains for trial. *Marcatante,* **657 F.3d at 440,** *citing Boumehdi v. Plastag Holdings, LLC,* **489 F.3d 781, 787 (7th Cir. 2007).**

A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC,* **656 F.3d 540, 547,** *citing Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 248 (1986).** In assessing a summary judgment motion, the district court views all facts in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *Anderson,* **699 F.3d at 994,** *citing Ault v. Speicher,* **634 F.3d 942, 945 (7th Cir. 2011).** *Accord Righi v. SMC Corp.,* **632 F.3d 404, 408 (7th Cir. 2011);** *Delapaz v.*

*Richardson*, 634 F.3d 895, 899 (7th Cir. 2011); *Spivey v. Adaptive Marketing, LLC*, 622 F.3d 816, 822 (7th Cir. 2010); *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). 86). Bearing these standards in mind, the Court turns to Defendants' motion.

► Summary of Key Facts and Allegations

The actions at issue in this lawsuit took place while Larry Harris (Plaintiff) was confined at Pinckneyville Correctional Center (PCC). During the relevant time period, Defendant Allen was a correctional officer at PCC, and Defendant Schwartz was Acting Warden of PCC. Plaintiff was transferred from Western Illinois Correctional Center to PCC on June 10, 2009. Plaintiff had complained about soy in his diet at Western. Indeed, he had initiated a lawsuit challenging the IDOC's use of soy in inmates' diets.

Shortly after arriving at PCC, Plaintiff spoke to Defendant Schwartz about his (Plaintiff's) need for a soy-free diet. Plaintiff submitted an emergency grievance regarding his need for a soy-free diet on June 14, 2009. The basis of the request was a medical condition known as hypothyroidism, which (according to Plaintiff) resulted from consuming soy. Five days later, Dr. Obadina wrote a therapeutic diet order providing that Plaintiff would receive a soy-free diet.

Plaintiff began receiving the soy-free diet on June 24, 2009. The special soy-free meals were packaged differently from regular meal trays and easily distinguished (one in white styrofoam, the other in grey plastic). Plaintiff did not receive his soy-free diet at every meal, though. Plaintiff testified in his deposition that although all the officers in his unit were well aware that he received the special diet tray, there were days after June 24, 2009 when he did not receive his soy-free tray or any lunch whatsoever.

Plaintiff testified that it happened two or three times a week, "just mainly the days that Mr. Allen" was on duty (Plaintiff's deposition, Doc. 61-1, page ID #633).

Plaintiff further testified that he had no problem with his regular gallery officer, but when that officer "called in," Allen served as the relief officer for the gallery on day shift, and that (typically the lunch meal on Allen's shift) is when Plaintiff would not get his soy-free tray (*id.*). More specifically, Plaintiff testified that Allen would come to Plaintiff's cell door, provide a meal tray for Plaintiff's cellmate, advise Plaintiff "Got no tray for you. We will check on it," later return to pick up trays and, when told that Plaintiff still had not received a meal, again say "We will check on it," but the door would be shut, no meal would arrive, and Plaintiff would not see Allen for the rest of his shift. On these days, Plaintiff was forced to go without any lunch (Doc. 61-1, page ID #633). Plaintiff estimated that this happened the whole time he was housed in that unit at PCC, a period of roughly three months stretching from June 10, 2009 to September 8, 2009 (Doc. 61-1, page ID # 639).

Defendants Allen and Schwartz sought summary judgment on Plaintiff's retaliation claims (Count 1). Defendant Allen also sought summary judgment on Plaintiff's deliberate indifference claim (Count 2). Plaintiff opposed Defendants' summary judgment motion with a 16-page typed brief and 34 pages of supporting exhibits.

Judge Williams' R&R recommends that the undersigned District Judge *grant* summary judgment on the retaliation claims against both Defendants. No one has filed objections challenging that recommendation.

Judge Williams recommends that the undersigned *deny* summary judgment as to Plaintiff's deliberate indifference claim against Defendant Allen. The only objection before the Court is directed to the part of the R&R that recommends denying summary judgment on the deliberate indifference claim against Defendant Allen (*see* Doc. 67). De novo review of the R&R is needed only as to the portion of the R&R addressing Plaintiff's deliberate indifference claim, so analysis turns to that specific claim.

► <u>The Deliberate Indifference Claim Against Defendant Allen</u>

Plaintiff alleges that Allen withheld the soy-free meals in deliberate indifference to Plaintiff's need for a soy-free diet. In *Roe v. Elyea,* **631 F.3d 843, 856-58 (7th Cir. 2011),** the United States Court of Appeals for the Seventh Circuit reiterated that deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary infliction of pain forbidden by the Constitution. *Id., citing Rodriguez v. Plymouth Ambulance Serv.,* **577 F.3d 816, 828 (7th Cir. 2009).** "A successful deliberate indifference claim is comprised of both an objective and a subjective element." *Roe,* **631 F.3d at 857,** *citing Farmer v. Brennan,* **511 U.S. 825, 834 (1994).** To prevail on a deliberate indifference claim the plaintiff must show that (objectively) the deprivation he suffered was sufficiently serious and that (subjectively) the defendant acted with a sufficiently culpable state of mind to support § 1983 liability. *See Greeno v. Daley,* **414 F.3d 645, 653 (7th Cir. 2005).**

In the case at bar, Defendant Allen argues that Plaintiff has not satisfied either prong of the deliberate indifference standard, so Allen is entitled to judgment in his favor. Stated another way, Defendant Allen maintains that Plaintiff's evidence is

insufficient to establish the essential elements of his claim. To defeat summary judgment in a deliberate indifference case, the plaintiff must satisfy both an objective and a subject element. *King v. Kramer,* **680 F.3d 1013, 1018 (7th Cir. 2012).**

As to the <u>objective element</u> of the deliberate indifference test, the plaintiff must offer evidence of an objectively serious medical need, i.e., something that "has been diagnosed by a physician as mandating treatment" or is so obvious that a lay person would recognize the need for attention. *Id., citing Zentmyer v. Kendall County,* **220 F.3d 805, 810 (7th Cir. 2000).**

The plaintiff "must also demonstrate a genuine issue of fact on the question whether [defendants] were aware of this serious medical need and were deliberately indifferent to it." *Id., citing Wynn v. Southward,* **251 F.3d 588, 593 (7th Cir. 2001).** This is the <u>subjective element</u> of the deliberate indifference standard. "Negligence – even gross negligence – is insufficient to meet this standard, but the plaintiff is not required to show intentional harm…. The standard is comparable to that required for criminal recklessness." *King,* **680 F.3d at 1018.**

In the case at bar, Defendant Allen maintains that Plaintiff cannot meet the objective prong of the Eighth Amendment deliberate indifference test, because a "few instances of denial of a meal is not a *per se* objective violation of the Constitution" (Doc. 67, p. 3). Without question, not all conditions are sufficiently serious to implicate the Eighth Amendment, and just a few withheld meals would not contravene the constitution. *Reed v. McBride,* **178 F.3d 849, 953 (7th Cir. 1999).** The denial of such a basic human need as food has been found to rise to – *or fall short of* -- the level of a

constitutional violation, depending on the severity of the food deprivation. *Id., citing Simmons v. Cook,* **154 F.3d 805, 809 (8th Cir. 1998) (denying prisoners four consecutive meals over two days met objective prong of deliberate indifference test);** *Talib v. Gilley,* **138 F.3d 211, 214 n.3 (5th Cir. 1998) (denial of one out of every nine meals was not a constitutional violation).**

Simply put, "in some circumstances an inmate's claim that he was denied food may satisfy the first *Farmer* prong." *Reed,* 178 F.3d at 853. A court must assess the amount and duration of the deprivation to make this determination. *Id.* Here, Plaintiff has presented admissible evidence that he was denied lunch two or three times a week for approximately three months. Construing the facts and reasonable inferences in the light most reasonable to Plaintiff, the non-movant, the Court concludes that Plaintiff has satisfied his burden (at the summary judgment stage) of presenting evidence to support the objective prong of the deliberate indifference test, and genuine issues of material fact remain as to the amount and duration of Plaintiff's food deprivation.

Material fact issues also remain regarding whether Defendant Allen possessed a sufficiently culpable state of mind. Defendant Allen offers an affidavit to support the argument that he simply followed his normal custom for dealing with inmate meal trays (telling the inmate he would check with the dietary office), which cannot equate to ignoring an inmate's concerns. Plaintiff's sworn deposition testimony presents a different picture, including instances of Allen giving Plaintiff's meal tray to other inmates, and repeatedly telling Plaintiff he was checking on Plaintiff's missing lunch

but then never following up or taking action, frequently leaving Plaintiff without any meal whatsoever.

Judge Williams correctly noted that a plaintiff does not have to prove that his complaints were literally ignored, but rather than the "defendants' responses to it were so plainly inappropriate as to permit the inference that the defendant intentionally or recklessly disregarded his needs." *Hayes v. Snyder,* **546 F.3d 516, 524 (7th Cir. 2008),** *quoting Sherrod v. Lingle,* **223 F.3d 605, 611 (7th Cir. 2000).** *See also Arnett v. Webster,* **658 F.3d 742, 751 (7th Cir. 2011) (prisoner need not prove that prison officials intended, hoped for, or desired the harm that transpired; nor does prisoner need to show that he was literally ignored.).** Plaintiff's testimony is that he was blatantly, repeatedly deprived of meals by Allen, and that Plaintiff's requests and concerns were intentionally ignored by Allen. Allen attests that he followed a routine for all inmates with dietary issues, that he "never denied any food trays to inmate Harris," and that he never gave Plaintiff's meal tray to another inmate (Doc. 61-2, pp. 1-2).

In resolving a summary judgment motion the undersigned Judge "may not weigh the evidence or decide which testimony is more credible." *McCann v. Iroquois Memorial Hosp.,* **622 F.3d 745, 752 (7th Cir. 2010).** The Seventh Circuit has admonished district courts that "summary judgment cannot be used to resolve swearing contests between litigants." *Id., quoting Payne v. Pauley,* **337 F.3d 767, 770 (7th Cir. 2003).** Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that genuine issues of material fact remain as to Allen's handling of Plaintiff's soy-free diet.

These fact issues directly go to Defendant Allen's state of mind, rendering summary judgment inappropriate.

Nor does the Court find persuasive Allen's argument that he is entitled to summary judgment on the deliberate indifference claim based on qualified immunity. Qualified immunity "'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hernandez v. Sheahan,* -- F.3d --, 2013 WL 1285587, *2 (7th Cir. April 1, 2013), *quoting Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

Here, Defendant Allen argues that he "acted reasonably in response to Plaintiff's complaints" of withheld meals, and Allen "could not know that he was expected to do more than he did in response to such complaints" (Doc. 67, p. 4). This argument misses the mark. Plaintiff's deliberate indifference claim is not confined to Allen's allegedly lackadaisical response to the complaints of not receiving his soy-free meals. Plaintiff claims that Allen withheld Plaintiff's meals, gave Plaintiff's meals to other inmates, pretended to "check with dietary" about the meal mix-ups, and purposely failed to follow up with anyone at all.

As the Court noted above, depriving an inmate of food can rise to the level of deliberate indifference to a prisoner's needs, if the deprivation is sufficiently severe. Federal courts long have held that deliberate indifference violates the Eighth Amendment right to be free from cruel and unusual punishment. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "The Eighth Amendment proscription on the infliction

of cruel and unusual punishment requires that the government 'provide humane conditions of confinement' and 'ensure that inmates receive **adequate food**, clothing, shelter, and medical care.'" *Zentmyer*, **220 F.3d at 810**, *quoting Farmer*, **511 U.S. at 832 (emphasis added).** This principle is clearly established law, which Defendant Allen *can* be expected to have known. Plaintiff has alleged a deprivation of a constitutional right which was clearly established. Qualified immunity does not shield Defendant Allen on this claim.

C. CONCLUSION

The Court **ADOPTS** in its entirety Judge Williams' Report and Recommendation (Doc. 66), and **DENIES in part and GRANTS in part** Defendants' summary judgment motion (Doc. 60). The motion is *granted* as to the retaliation claims against Defendant Schwartz and Defendant Allen. At the close of the case, the Clerk of Court shall enter judgment in favor of Defendants Schwartz and Allen (and against Plaintiff) on the retaliation claims against Defendants Schwartz and Allen. No further claims remain against Defendant Schwartz.

The motion is *denied* as to the deliberate indifference claim against Defendant Allen. Thus, the only issue remaining for disposition herein is Plaintiff's claim of deliberate indifference against Defendant Allen (based on the failure to provide Plaintiff's prescribed soy-free diet).

Jury trial on that claim will commence before the undersigned District Judge at 9:00 am on Monday, June 10, 2013. Judge Williams will conduct a final pretrial conference on May 2, 2013 at 10:00 a.m. *See* Doc. 37.

IT IS SO ORDERED.

DATED April 18, 2013.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge
